# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| FAMILY TIME SNACKS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEWIS ALLEN; )<br>WOODCROFT INVESTMENTS, INC., )<br>)<br>Defendants. ) | Civil Action No. 2:09-CV-49 JVB |

## OPINION AND ORDER

Defendants Allen and Woodcroft Investments, Inc., removed this case to this Court upon diversity of citizenship. This action is before the Court on Defendants' Motion to Dismiss for lack of personal jurisdiction and improper venue. For the reasons stated below, the Court concludes that it has personal jurisdiction over Defendants and is a proper venue to hear this case; therefore, Defendants' Motion to Dismiss is denied.

**A.      Factual and Procedural Background**

Plaintiff is an Indiana corporation with its principal place of business in Valparaiso, Indiana. Defendant Lewis Allen is a Canadian citizen and resident of Ontario. Allen is also the president of Defendant Woodcroft Investments, Inc., an Ontario Corporation with its principal place of business in Toronto, Canada.

The Parties had a business relationship that lasted about eighteen months. Throughout

1

this time, Defendants placed several orders for popcorn that was produced and shipped from Plaintiff's plant in Indiana. Defendant Allen placed these orders via telephone, email, and facsimile. Upon receiving the popcorn, Defendants sold it through retailers in Canada.

There were no problems during this eighteen-month period until October 2008, when Defendants stopped paying for the microwave popcorn purchased from Plaintiff. Between October and December 2008, Defendants failed to pay Plaintiff for seven invoices, which totaled around $192,000. As a result of the strained relationship, Defendants filed suit against Plaintiff in Canada on January 9, 2009.

On January 30, 2009, Plaintiff filed suit against Defendants in Porter County Superior Court seeking compensation for the unpaid invoices and other damages on the theories of breach of contract, unjust enrichment, and conversion. Defendants removed the case to this Court on March 4, 2009. On August 21, 2009, Defendants moved to dismiss the case pursuant to Federal Rule of Civil Procedures 12(b)(2) and (b)(3), alleging that this Court lacks personal jurisdiction over them and is an improper venue for this litigation.

**B.     Discussion**

Defendants make two arguments in their Motion to Dismiss. First, Defendants assert that this case should be dismissed because they are not subject to personal jurisdiction in Indiana. Second, they contend that this case warrants dismissal because the Northern District of Indiana is an improper venue for the action under the theory of *forum non conveniens*. The Court addresses each argument in order.

**(1)    Personal Jurisdiction**

When a defendant challenges the personal jurisdiction of a court, the plaintiff bears the burden of making a prima facie showing that jurisdiction exists. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The court can consider sources such as affidavits, depositions, and oral testimony—in addition to the pleadings—to determine if the plaintiff has met this burden. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). In doing so, all facts and reasonable inferences from those facts are considered in a light most favorable to the plaintiff and all well-pleaded allegations in the complaint are considered to be true. *United States v. Grossman* 501 F.3d 846, 848 (7th Cir. 2007) (citing *Christensen v. County of Boone*, 483 F.3d 454, 457 (7th Cir. 2007)).

A federal court can only exercise personal jurisdiction over a defendant in diversity cases if a state court in which it sits would have jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Therefore, the first step in the personal jurisdiction inquiry is to examine the state's long-arm statute to determine if it permits jurisdiction. *Id.* Indiana's long-arm statute, which is found in Indiana Rule of Trial Procedure 4.4, provides specific circumstances when Indiana courts may have personal jurisdiction over individuals outside of the state. Such instances include the individual or his agent doing business within the state or causing personal injury or property damage by an act or omission done within the state. In addition, the statute provides federal courts with personal jurisdiction to the limits allowed under the Due Process Clause of the Fourteenth Amendment of the United States Consitution. *Wallace v. Herron*, 778 F.2d 391, 393 (7th Cir. 1985). As a result, the exercise of personal jurisdiction is proper so long as it comports with due process requirements. *Id.*

3

In order for a court to have personal jurisdiction over a defendant that is not present within the forum state, due process requires that the defendant have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945). Part of the analysis under due process is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)). Whether a defendant should reasonably anticipate suit in another state depends on whether the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

There are two types of personal jurisdiction: general and specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984). When a defendant has a general presence in the forum state, a court has general personal jurisdiction over the defendant regardless of whether the defendant's presence is related to the suit. *Id.* at 415 n.9. However, if the defendant does not have a general presence in the forum state, the court may still hear the case on the basis of specific personal jurisdiction if the action is a result of the defendant's contacts with the forum. *Id.* at 414 n.8. Therefore, the Court must determine whether Defendants have such minimum contacts with the state of Indiana that the exercise of either general or specific personal jurisdiction is proper.

(a) General Jurisdiction

General personal jurisdiction requires that the defendant have a general presence within the state in which it is being sued. Because a corporate entity, like Defendant Woodcraft Investments, Inc., cannot be physically present within a forum, its presence is determined by the actions of those individuals who are authorized to act on its behalf that take place within the state. *Int'l Shoe*, 326 U.S. at 316–17. When a corporation does business within a state, it enjoys the benefits and protection of that state's law. Therefore, when a corporation has continuous and systematic business contacts within a state, it is reasonable to subject it to suits in that forum that result from the corporation's contacts with the forum. *Id.* at 317. While the number of contacts it takes to be considered continuous and systematic has not been defined, it is clearly more than a single contact. *See, e.g., Helicopteros,* 466 U.S. 408 (1984) (finding that sending an employee to another state for a meeting and other employees for training does not constitute continuous and systematic business).

The Defendants do not meet the requirements of general personal jurisdiction. Neither Defendant Allen nor any representative from Woodcroft Investments, Inc., physically entered the state of Indiana. Further, the Defendants have not sold any of Plaintiff's products or conducted any other business in Indiana. Defendants' only contact with Indiana is the purchase of popcorn from Plaintiff, which is insufficient for creating general personal jurisdiction. *See Helicopteros*, 466 U.S. at 418 ("[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."). As a result of Defendants' lack of contacts

with the state of Indiana, the Court does not possess general personal jurisdiction over the Defendants.

(b)     Specific Jurisdiction

Specific personal jurisdiction is used to reach defendants outside the forum state who lack a general presence within the state but have contacts with the state that give rise to the lawsuit. *Helicopteros*, 466 U.S. at 414 n.8. Particularly, the foundation of specific personal jurisdiction is the "relationship among the defendant, the forum, and the litigation." *Id.* at 414 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Unlike general personal jurisdiction where the defendant must have continuous and systematic contacts with the forum state, a single act can result in a court having specific personal jurisdiction over a defendant so long as that act establishes a substantial connection with the forum state and gives rise to the suit. *Burger King*, 471 U.S. at 475 n.18 (citing *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223 (1957)). The defendant must have purposely availed himself of the privilege of conducting activities in the forum state in order for specific personal jurisdiction to exist. *Id.* at 474–75. This requirement is met when a defendant deliberately engages in significant activities within the forum or creates continuing obligations between himself and residents of the forum. *Id*. at 475–76 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984); *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 648 (1950)).

The Due Process Clause protects defendants from being subjected to suit in forums where they do not have sufficient contacts by requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Id.* at 472

(quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring in judgment)). Such requirement "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). This fair warning requirement arises at the time of the events giving rise to suit rather than when the suit is filed. *Quest Sports Surfacing, L.L.C. v. 1st Turf, Inc.*, 2008 WL 3853385, at *4 (S.D. Ind. Aug. 15, 2008) (citing *Steel v. United States,* 813 F. 2d 1545, 1549 (9th Cir. 1987)). The due process requirement of fair warning is satisfied if a defendant purposefully directs his activities at residents of the forum and litigation results from alleged injuries that arise out of or relate to those activities. *Burger King*, 471 U.S. at 472–73 (citing *Keeton*, 465 U.S. at 774; *Helicopteros*, 466 U.S. at 408).

    The Defendants contend that the Court lacks specific personal jurisdiction over them because their contacts with Indiana are not sufficient for them to be subjected to suit in Indiana. Defendants' argument rests upon the assertion that telephone, email, and facsimile contacts with a company within a particular state does not create a basis for jurisdiction. Additionally, Defendants assert that jurisdiction is lacking because the contacts were initiated from, the contracts were entered into, and the products are currently in Canada. On the other hand, Plaintiff asserts that the Defendants purposefully availed themselves to the benefits and protections of doing business in Indiana and, therefore, should be subjected to suit in Indiana.

    While some courts have determined that telephone calls or emails are not sufficient for personal jurisdiction, such correspondences may be taken into account when considering a defendant's actions collectively. *See Federated Rural Elec. Ins. Corp. v. Inland Power & Light*

*Co.*, 18 F.3d 389, 395 (7th Cir.1994) (indicating that making a phone call or remitting payment to a forum is not enough for personal jurisdiction); *Mid-America Tablewares, Inc. v. Mogi Trading Co.,* 100 F.3d 1353, 1361 (7th Cir. 1996) (determining defendant's communication with plaintiff over a six month period via facsimile was not random, fortuitous, or attenuated, and could therefore be consider for determining whether personal jurisdiction existed). Additionally, because a large amount of business is now conducted solely by mail and telephones across state lines, these communications alone can create a substantial connection between the defendant and the forum state, and physical presence within the state is no longer required. *See Burger King*, 471 U.S. at 476.

Defendant Allen, on behalf of Woodcroft Investments, Inc., entered into various contracts with Plaintiff by ordering microwave popcorn from the Plaintiff via phone calls, emails, and facsimiles. While the acts of entering into these contracts do not themselves provide the basis for personal jurisdiction, they do create a continuing obligation between the Defendants and Plaintiff. *See Burger King*, 471 U.S. at 478–79 (indicating that a contract alone does not establish personal jurisdiction); *Madison Consulting Group v. S. Carolina*, 752, F. 2d 1193, 1203 (7th Cir. 1985) (indicating that placing an order for goods is typically the last link in negotiations, and although not enough by itself to establish jurisdiction, it can be sufficient when a defendant repeatedly makes contacts with the plaintiff, leading to such order); *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 763 (7th Cir. 2008) (recognizing that although entering a contract is not in itself sufficient for personal jurisdiction, when parties have continuing obligations and contact with each other "[a]t some point, a party's contacts must cross the threshold from offending due process to sufficient minimum contacts."). Such a

continuing obligation is evidence that the Defendants purposefully availed themselves to the benefits and protections of conducting business in Indiana.

Defendants' argument that the Court lacks jurisdiction because the contracts were entered into, and the products are currently in Canada is unpersuasive. The Defendants' physical location at the time they made contact with Plaintiff is not determinative for defeating personal jurisdiction. Rather, whether specific personal jurisdiction exists depends on the parties' negotiations and course of dealing with each other as well as the contemplated consequences and terms of the agreement. *Burger King*, 471 U.S. at 479. Personal jurisdiction exists when a defendant enters into a contract that is contemplated to be performed within a specific forum, is actually performed within that forum, and is the subject of the dispute. *Madison Consulting Group*, 752 F.2d at 1204. In this case, Defendants were aware that they were conducting business with a company based in Indiana. Further, they knew that Plaintiff's products were produced in Indiana and that Plaintiff required that the goods purchased by Defendants be picked up in Indiana. The parties met with each other several times to discuss business matters and communicated with each other via telephone and email. Defendants are sophisticated purchasers who made an informed decision to do business with Plaintiff. This, along with the amount of communication between the parties, demonstrates that Defendants should have reasonably anticipated being sued in the state of Indiana for any problems arising out of their popcorn orders from Plaintiff. Therefore, the due process requirement of fair warning is satisfied, and the Court has personal jurisdiction over the Defendants.

**(2)      Venue**

9

Defendants also contend that this case should be dismissed because the Northern District of Indiana is an improper venue for this action. Defendants' argument rests on the principle of *forum non conveniens*, a doctrine that allows a court to dismiss a case if there is proof that the action would be better litigated in a different forum. *Abad v. Bayer Corp.*, 563 F.3d 663, 665 (7th Cir. 2009). *Forum non conveniens* is a common-law doctrine that is only applied in federal courts when the proposed alternative forum is abroad. *Sinochem Int'l. Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (citing *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994)). In support of their contention that this case should be litigated in Canada, Defendants argue that requiring them to litigate this action in Indiana would be oppressive and vexing because of the cost and inconvenience they would suffer.

When analyzing *forum non conveniens* arguments, the court must first decide whether an alternative forum for the litigation exists. *Kamel v. Hill-Rom Co.,* 108 F.3d 799, 802 (7th Cir. 1997) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1947)). In order to be considered an alternative forum, the forum must be both available—all parties are amenable to process and subject to jurisdiction in the forum—and adequate—parties would not be deprived of a remedy or treated unfairly. *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 704 (7th Cir. 2005) (quoting *Kamel*, 108 F.3d at 802–03). A defendant carries the burden at this stage of the process to demonstrate that there is a forum available that meets these two requirements. *Id.*

Once a court makes a finding that an alternative forum exists, the court must weigh a number of private and public factors to determine whether to dismiss a case on *forum non conveniens* grounds. *Id.* at 704. The private factors include: "the relative ease of access to

sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Furthermore, a court must consider public factors, which include: "the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Kamel*, 108 F.3d at 803 (citing *Piper*, 454 U.S. at 241 n.6 (1947)).

When considering these factors, the defendant bears the burden of persuasion to overcome the strong presumption that the plaintiff's choice of forum should not be disturbed. *See Piper,* 454 U.S. at 265–66 (indicating that a strong presumption exists in favor of plaintiff's forum choice); *In re Ford Motor Co./Bridgestone/Firestone N. Am. Tire, LLC*, 344 F.3d 648, 652 (7th Cir. 2003) (indicating that the defendant carries the burden of persuasion in *forum non conveniens* cases). In order to overcome this burden, the defendant must show that the private and public factors clearly point toward trial in the alternative forum because it would be "oppressive and vexatious to defendant, out of all proportion to plaintiff's convenience" to force the defendant to litigate in the chosen forum. *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982); *Bridgestone*, 420 F.3d at 703 (quoting *Kamel*, 108 F.3d at 802).

Defendants fail to meet their burden of persuasion. First, Defendants assert that Canada is an appropriate alternative forum; however, Defendants did not provide any specific

11

information to support this claim other than the fact that a lawsuit between these parties, in which Plaintiff did not object to personal jurisdiction, is pending there.  Second, assuming Canada is an adequate alternative forum, Defendants have not demonstrated that a balance of public and private factors weighs clearly in favor of litigating this case in Canada.

Furthermore, Defendants urge that principles of fairness and judicial economy require dismissal of this action because they should not be forced to litigate the same action simultaneously, and that dismissing this action would allow the Court to make better use of its resources. However, Defendants do not meet the required standard of proof to warrant dismissal.

While litigating this action in Indiana may be costly and inconvenient to Defendants, they fail to discuss how forcing the Plaintiff to bring its suit in Canada would not be just as inconvenient and costly for it.  Additionally, because this case involves an Indiana corporation, Indiana has an interest in the outcome of the litigation and in providing a citizen corporation with a home forum in which to sue. Therefore, this Court is a proper venue for this litigation. As a result, the Court denies Defendants' Motion to Dismiss for an improper venue.

**C.  Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss [DE17] is DENIED.

SO ORDERED on February 26, 2010.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE